**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

RECEIVED

2024 NOV 14 P 2: 32

| | |
|---|---|
| YRIG RISK RETENTION GROUP, INC, <br><br> Plaintiff, <br><br> v. <br><br> TEXAS DEPARTMENT OF INSURANCE and CASSIE BROWN, in her capacity as Commissioner of the Texas Department of Insurance <br><br> Defendants. | Civil Action No.: <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> 2:24-cv-00729-ECM-CWB |

Plaintiff, YRIG RISK RETENTION GROUP, INC ("YRIG"), by and through its attorneys Kaufman, Borgeest & Ryan, LLP, brings this Complaint against Defendants, TEXAS DEPARTMENT OF INSURANCE and CASSIE BROWN, in her capacity as Commissioner of the Texas Department of Insurance, and in support thereof states as follows:

### NATURE OF THE ACTION

1. This is an action for a declaratory judgment to determine questions of actual controversy between the parties. For the reasons set forth herein, Plaintiff, YRIG seeks a declaration, pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, that it need not participate in the Texas Department of Insurance's ("TDI") and Cassie Brown's (the "Commissioner") unlawful efforts to regulate the operation of YRIG – a risk retention group domiciled in Alabama and authorized by the Alabama Department of Insurance.

2. YRIG is licensed and domiciled in the state of Alabama, pursuant to the Federal Liability Risk Retention Act ("LRRA"), 15 U.S.C. § 3901 *et seq*. Pursuant to LRRA, only Alabama, as the domiciliary state, has the authority to regulate the operation of YRIG.

3. The Alabama Department of Insurance, has approved and authorized YRIG to offer the Contractual Liability Insurance Policy (the "CLIP") under LRRA. The Alabama Department of Insurance's approval grants YRIG the ability to offer the CLIP in any state, including Texas.

4. In complete violation of LRRA, TDI and the Commissioner (referred to jointly as "Defendants") advised YRIG on October 2, 2024, that "TDI staff has determined that the CLIP" is not compliant with LRRA, and Defendants directed that YRIG must either apply to "obtain a certificate of authority to operate as an insurance company in Texas" or must "submit a proposed plan for [] run-off." In doing so, Defendants violate LRRA and improperly attempt to regulate an Alabama domiciled risk retention group.

5. YRIG seeks a declaration that YRIG is not obligated to respond or take any action in connection with TDI's October 2, 2024 letter.

## THE PARTIES

6. Plaintiff, YRIG, is a risk retention group formed, licensed, and domiciled in the State of Alabama, offering liability insurance pursuant to LRRA.

7. Defendant, TDI, is a Texas state agency whose role includes the regulation of insurance in Texas.

8. Defendant, Cassie Brown, is the Commissioner of TDI and is being sued in her official capacity. The Commissioner is the head of TDI, and as such is responsible for TDI's actions – including its compliance with LRRA.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, §2201 and §2202 because: (i) there is an actual controversy between the parties; (ii) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (iii) the matter is between citizens of different states.

10. As set forth herein, YRIG is a citizen of the State of Alabama, is an Alabama incorporated risk retention group maintaining its principal place of business in Montgomery, Alabama, and Defendants are citizens and have their principal places of business in the State of Texas. TDI is located in Austin, Texas. YRIG receives annual revenue of approximately $803,000 from Texas, which the TDI improperly seeks to eliminate, thus placing the amount in controversy in excess of the jurisdictional limit.

11. This Court also has independent jurisdiction over this action as federal questions arise under the Supremacy Clause of the United States Constitution (Article VI, Clause 2), LRRA (15 U.S.C. § 3901 and § 3902), and the Federal Declaratory Judgment Act (28 U.S.C. § 2201 and §2202).

12. Venue is proper in this District pursuant to 28 U.S.C. §1391, as YRIG resides in this judicial district, and a substantial part of the events or omissions giving rise to the dispute occurred in this District, because YRIG was established as a risk retention group in Montgomery, Alabama and was approved by the Alabama Department of Insurance in this District.

## STATE REGULATORY AUTHORITY OVER RISK RETENTION GROUPS

13. Risk retention groups are established pursuant to LRRA, 15 U.S.C. § 3901 and § 3902, in response to Congress' objective to increase the amount of available commercial liability

insurance. As a product of the federal regulation, risk retention groups are governed by LRRA, and are subject to federal preemption under the Supremacy Clause of the United States Constitution (Article VI, Clause 2).

14. Pursuant to LRRA, 15 U.S.C.§ 3902(d), risk retention groups are to be domiciled in one state and are only subject to that state's insurance regulatory rules. Prior to offering insurance products, a prospective risk retention group submits a plan of operation or a feasibility study for each line of insurance the group intends to offer. This submission is to be made *only* to its domiciliary state. Once the plan or study is approved by the domiciliary state, the risk retention group can operate and offer approved insurance products *in any state*, without seeking any additional approval from a non-domiciliary state. LRRA requires only a courtesy copy of the submitted plan or study to be provided to a non-domiciliary state in which the risk retention group intends to do business – this is informational only and does not provide the non-domiciliary state with any regulatory or approval function.

15. LRRA, 15 U.S.C. § 3902(a)(1), provides broad and express authority for *only* the domiciliary state to regulate the formation and operation of risk retention groups – even when the risk retention group is operating in other states. Specifically, LRRA provides:

> (a) Except as provided in this section, *a risk retention group is exempt from any State law, rule, regulation, or order to the extent that such law, rule, regulation, or order would* –
>
> > (1) *make unlawful, or regulate, directly or indirectly, the operation of a risk retention group* except that the jurisdiction in which it is chartered may regulate the formation and operation of such a group and any State may require such a group to – [A-I inapplicable] (emphasis included).

16. A non-domiciliary state's attempt to regulate the operation of a risk retention group or disallow the offering of approved insurance products in its state is discriminatory, preempted, and expressly disallowed as a matter of law under LRRA.

17. Given the almost absolute authority that a state has over its domiciled risk retention group, Congress and LRRA contemplated specific circumstances in which a risk retention group must comply with a non-domiciliary state's law or regulations. To leave no room for interpretation, LRRA enumerates nine <u>limited</u> exceptions to the almost absolute unitary authority of the domiciliary state. None of these nine exceptions apply to TDI's attempt to regulate YRIG. Most of these exceptions concern the payment of taxes and other financial requirements, none of which are at issue here.

18. LRRA expressly and plainly provides that a non-domiciliary state may not second-guess the regulatory decisions made by the domiciliary state. Since YRIG is an Alabama domiciled risk retention group, the State of Texas is preempted under LRRA from second-guessing authorizations by the Alabama Department of Insurance.

## TEXAS IS IMPROPERLY REGULATING THE OPERATION OF YRIG – AN ALABAMA DOMICILED RISK RETENTION GROUP

19. YRIG is a duly chartered and licensed risk retention group as defined under LRRA, domiciled and incorporated in Alabama under Entity ID Number: 000-637-462.

20. YRIG's Articles of Incorporation provide that it is organized for the purpose of writing insurance and reinsurance as a risk retention group pursuant to LRRA, Chapters 31A and 31B of the Alabama Insurance Code, the Alabama Risk Retention Act, and the Alabama Captive Insurers Act.

10481137

21. Per YRIG's 2024 Annual Report, filed with the Alabama Secretary of State, YRIG is in the business of "Contractual Liability Insurance for Association Landlord Members".

22. On October 29, 2020, the Alabama Department of Insurance authorized YRIG to operate as a risk retention group under LRRA.

23. The Alabama Department of Insurance's October 29, 2020 authorization also approved YRIG's CLIP as a proper insurance product under LRRA that can be offered in any state, including Texas.

24. Post-approval, no other state, *other than Alabama,* has the ability to regulate YRIG's offering of the CLIP.

25. On December 2, 2021, following its review of YRIG's requested changes in the CLIP's coverages, limits and policy forms, the Alabama Department of Insurance *again* approved the CLIP as a proper insurance product under LRRA.

26. Pursuant to LRRA, 15 U.S.C. § 3902(d)(2), YRIG properly registered with TDI and notified Defendants of YRIG's intent to write and offer the CLIP in Texas. On March 4, 2021, the Commissioner issued YRIG's registration without objection. After properly registering with Texas, YRIG began offering the CLIP to its Texas members.

27. On October 2, 2024, Defendants sent a letter to YRIG concluding that "TDI staff has determined that the CLIP" is not compliant with LRRA, and Defendants directed that YRIG must either apply to "obtain a certificate of authority to operate as an insurance company in Texas" or must "submit a proposed plan for [] run-off" (the "Enforcement Letter"). Specifically, Defendants assert that they never "approved" the CLIP and that the CLIP does not comply with LRRA or Texas Law. Accordingly, Defendants – without any authority to do so – disagreed with

the Alabama Department of Insurance's prior approval of YRIG and the CLIP, and determined that YRIG cannot offer the CLIP in Texas.

28. Defendants' Enforcement Letter seeks to do exactly what LRRA prevents – regulate the operation of a foreign risk retention group through its own state laws and interpretation.

29. Defendants lack any authority under LRRA to issue the Enforcement Letter or to purport to order YRIG to take any action in response to the Enforcement Letter.

30. Neither TDI nor the Commissioner have the authority to regulate, directly or indirectly, the operation of YRIG, because Texas is not YRIG's domiciliary state.

31. Under LRRA, *only* the domiciliary state has the authority determine whether a risk retention group's product conforms to the requirements of LRRA – and the Alabama Department of Insurance has already made that determination. YRIG is not under any obligation to submit the CLIP for approval to TDI or the Commissioner. In fact, neither TDI nor the Commissioner have the authority to "approve" the CLIP under LRRA. The *only* state that has the authority to approve YRIG's CLIP is Alabama, which has already done so.

32. Defendants' interpretation of whether the CLIP complies with LRRA is entirely immaterial and statutorily preempted by the Alabama Department of Insurance's determination. The Alabama Department of Insurance has already determined that the CLIP is a proper insurance product that can be offered in any state. Defendants are bound by this determination.

33. Additionally, the Enforcement Letter's citation to Texas Law also is preempted by LRRA. Under LRRA, a non-domiciliary's state law and rules are preempted by the laws of the domiciliary state, absent the limited enumerated exceptions under 15 U.S.C. § 3902(a). Since none

of the limited exceptions apply, Defendants' reliance on Texas' laws, rules, procedures, and interpretations are wholly preempted and irrelevant to YRIG's right to offer the CLIP in Texas.

34. Furthermore, Defendants' complete lack of regulatory authority over YRIG means that YRIG need not respond or otherwise engage with Defendants' demands in the Enforcement Letter.

35. The Commissioner, who oversees and directs TDI, acted without legal authority in issuing the Enforcement Letter to YRIG. The Commissioner also acted without legal authority in attempting to regulate YRIG, attempting to countermand the Alabama Department of Insurance's prior approval of the CLIP, and attempting to prevent YRIG from operating as an authorized risk retention group in Texas.

36. For the reasons set forth above, Defendants' actions in demanding YRIG to cease offering of the CLIP or go into run-off in Texas are discriminatory, unenforceable, and expressly preempted by LRRA. Any response or engagement with Defendants would give credence to Defendants' unlawful actions. Therefore, this declaratory judgment action is necessary to enforce YRIG's rights, as a risk retention group authorized by the State of Alabama, against a foreign state's improper attempt at preempted and unlawful regulation.

## COUNT ONE – DECLARATORY JUDGMENT

37. YRIG re-alleges and incorporates all previous paragraphs as if fully set forth herein.

38. YRIG seeks a declaratory judgement as requested herein pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §§ 2201-2202.

39. YRIG is a duly authorized risk retention group under the State of Alabama and LRRA. YRIG's domiciliary state, Alabama, approved the CLIP as a proper insurance product

under LRRA. Thereafter, YRIG properly registered with the State of Texas and offered the CLIP to eligible members in Texas.

40. Defendants are illegally and wrongfully attempting to regulate YRIG by issuing the Enforcement Letter.

41. YRIG seeks a declaration that YRIG is under no obligation to respond or take any other action in connection with the Enforcement Letter.

## PRAYERS FOR RELIEF

**WHEREFORE**, YRIG prays for an Order and Judgment of the Court granting the following relief:

a. Entering a declaratory judgment that YRIG Risk Retention Group, Inc. is not obligated to respond or take any action in connection with the October 2, 2024 letter issued by the Texas Department of Insurance;

b. Awarding YRIG its attorneys' fees and costs as allowed by law; and

c. Awarding YRIG such other and further relief as the Court deems just and equitable.

DATED: November 14, 2024

Respectfully submitted,

Robert E. Poundstone IV (ASB: 5864N53R)
BRADLEY ARANT BOULT CUMMINGS, LLP
445 Dexter Avenue, Suite 9075
Montgomery, Alabama 36104
Phone: (334)956-7645
Email: bpoundstone@bradley.com

AND

*[signature]*

Robert A. Benjamin
(*pro hac vice* application forthcoming)
KAUFMAN BORGEEST & RYAN LLP
200 Summit Lake Drive
Valhalla, NY 10595
Ph. (914) 449-1000
Fax: (914) 449-1001
rbenjamin@kbrlaw.com

*Attorneys for Plaintiff*
*YRIG Risk Retention Group, Inc.*

**Summons and Complaint are to be served on Defendant via Plaintiff by Process Server at the following addresses:**

Texas Department of Insurance
Barbara Jordan Building
1601 Congress Avenue
Austin, Texas 78701

Cassie Brown in her Capacity as Commissioner of the Texas Department of Insurance
Barbara Jordan Building
1601 Congress Avenue
Austin, Texas 78701

10481137